UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7308 FMO (PLAx) | Date | September 15, 2021 |
|---|---|---|---|
| Title | Guy Hart, et al., v. Mickey Henschel, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal for Lack of Jurisdiction

On September 14, 2021, pro se plaintiffs Guy Hart and Sara Hart ("plaintiffs") filed a First Amended Complaint ("FAC") in this court against several individual defendants, (see Dkt. 6), in a dispute arising from a 2013 arbitration award that was "confirmed" by a state court. (See id. at ¶¶ 12-19). Plaintiffs seek injunctive relief to prevent "further taking and/or distribution and/or sale of [their] assets" by defendants in connection with the arbitration award. (See id. at ¶ 57); (see also Dkt. 3, Ex Parte Emergency [Application] for a Temporary Restraining Order [ ]). Plaintiffs also ask the court to "[v]acat[e] the judgment entered against [them] as [a] result of the so-called arbitration award of June 10, 2013." (Dkt. 6, FAC at 18).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "Because we presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction . . . has the burden of establishing it." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006) (cleaned up). Federal courts have "the duty to consider subject matter jurisdiction sua sponte in every case, whether the issue is raised by the parties or not." Spencer Enterprises, Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The basis for the court's jurisdiction over this action is unclear. Plaintiffs assert federal question jurisdiction based on the Fifth Amendment and 28 U.S.C. §§ 1331 and 1343, (see Dkt. 6, FAC at ¶ 3), but plaintiffs do not allege claims that "arise under" federal law. (See, generally, id.). Plaintiffs appear to suggest that federal jurisdiction exists because two of the individual defendants were convicted of federal crimes that plaintiffs contend is related to the allegedly wrongful conduct in this matter. (See id. at ¶¶ 20-29). Plaintiffs also allege that defendants violated "federal wire fraud laws" and "federal mail fraud laws" in connection with the arbitration award, (see id. at ¶¶ 30-31), but those bare allegations are unsupported in the FAC. In other words, it is not apparent based on the FAC that a federal question is involved or relied upon by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7308  FMO (PLAx) | Date | September 15, 2021 |
|---|---|---|---|
| Title | Guy Hart, et al., v. Mickey Henschel, et al. | | |

plaintiffs.

    Plaintiffs also assert that this court has jurisdiction pursuant to Federal Rule of Civil Procedure 60(d)(3), which preserves a federal court's power to "set aside a judgment for fraud on the court."  (See Dkt. 6, FAC at ¶ 3).  Plaintiffs allege that defendants' fraudulent conduct prevented plaintiffs "from presenting their full case in court," but plaintiffs appear to be referring to a 2014 state court proceeding related to the arbitration award.  (See id. at ¶¶ 17, 36).  The FAC does not allege that defendants perpetrated fraud in this court or any other federal court.  (See, generally, id.).

    Based on the foregoing, IT IS ORDERED that no later than **September 29, 2021**, plaintiffs shall file a Second Amended Complaint ("SAC") setting forth the basis for the court's subject matter jurisdiction.  If plaintiffs believe they have a cause of action that arises under federal law, plaintiffs should assert a distinct claim that specifies the federal statute that has allegedly been violated and how defendants' conduct violated that federal statute.  Failure to file the SAC by the deadline set forth above shall result in the action being dismissed without prejudice for lack of subject matter jurisdiction, failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Baeza v. Baca, 700 F.Appx. 657, 658 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.")

    **This order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

|  | 00 : 00 |
|---|---|
| Initials of Preparer | gga |